IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JONATHAN RASHAD ROSS, #164508                                          PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:13-cv-58-KS-MTP

RONALD KING, BRENDA SIMMS,
AND DEBRA PLATT                                                       DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Ross, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in

the South Mississippi Correctional Institution (SMCI), filed this *pro se* Complaint pursuant to 42

U.S.C. § 1983.  Plaintiff was granted permission to proceed *in forma pauperis* in this case.  The

named Defendants are Ronald King, Superintendent of SMCI; Brenda Sims, Captain at

SMCI; and Debra Platt, Lieutenant at SMCI. Upon liberal review of the Complaint and

subsequent pleadings, the Court has reached the following conclusions.

I.      Background

Plaintiff complains about a rule violation report (RVR) issued to him at the South

Mississippi Correctional Institution in April of 2012, for assaulting another offender.  Plaintiff

was found guilty of the violation.  Plaintiff states that as punishment for this disciplinary

conviction he was removed from trusty status, that he lost 180 days of trusty-time, and that his

visitation, commissary and phone privileges were restricted for 60 days.

Plaintiff asserts various complaints regarding the RVR and disciplinary process which he

claims violates MDOC policy and his constitutional rights.  Specifically, Plaintiff argues that

Captain Sims falsely accused him of the assault because he was not moved into the building where the assault occurred until the day after the assault actually occurred. Plaintiff complains that Lieutenant Platt did not allow him to call witnesses at his disciplinary hearing and failed to correct this injustice when she denied his first-step grievance appealing the disciplinary action. Plaintiff claims that Superintendent King failed to correct the actions of his subordinates when he denied Plaintiff's appeal of the disciplinary action via the prison administrative remedy program. As relief, Plaintiff is requesting reinstatement of his trusty status, restoration of his lost trusty-time, expungement of the disciplinary proceedings from his prison record, and monetary damages.

## II.     Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Ross to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Habeas Corpus Claims

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner

challenging the fact or duration of his confinement and seeking a speedier or immediate release

from incarceration.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);  *see also Wilkinson v.*

*Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody

cannot use a § 1983 action to challenge the fact or duration of his confinement").  Plaintiff must

pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas

corpus.  *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

The restoration of trusty-time[1] or any other sentence credits to an inmate would result

in the inmate receiving an accelerated release from incarceration.  As such, Plaintiff must

pursue his request for the restoration of his trusty-time through a petition for habeas corpus

relief.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the

exclusive remedy for a claim for restoration of good-time credits);  *Clarke v. Stalder*, 154

F.3d 186, 189 (5th Cir. 1998)(en banc)(finding inmate "cannot . . . recover good-time credits

lost in a prison disciplinary proceeding" in a § 1983 civil action).  Therefore, Plaintiff's

habeas corpus claim for the restoration of 180 days of trusty-time will be dismissed from this

§ 1983 case, without prejudice.

**B.  Section 1983 Claims**

Initially, the Court notes that trusty status is a classification or custody level within

MDOC.  An inmate does not have a constitutional right to receive a certain custodial

classification while incarcerated.  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995).

---

[1]As explained by the Mississippi Supreme Court "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC."  *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss.Code Ann. § 47-5-138.1 (Rev.2004)).

Therefore, Plaintiff's request for reinstatement of his trusty status or classification level will be dismissed.

As set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement." *Clarke*, 154 F.3d at 189 (internal quotations omitted)(citing *Heck*, 512 U.S. at 486-87). A prison disciplinary decision that results in a change to the prisoner's sentence is considered a conviction for purposes of *Heck.* *Id.* Therefore, a prisoner's claims for declaratory relief and money damages based on alleged defects in his disciplinary process are barred by the *Heck* doctrine because such claims would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648.

If the Court were to find in Plaintiff's favor and determine that his prison disciplinary conviction was invalid and should be expunged, it would "necessarily imply the invalidity of the punishment imposed," meaning it would necessarily imply the invalidity of his loss of 180 days of trusty-time. *Id.* Since the rule set forth in *Heck v. Humphrey* and *Edwards v. Balisok* apply to Plaintiff's claims, he must demonstrate that his disciplinary conviction has been invalidated as a prerequisite for this case to proceed under § 1983. Plaintiff states that his disciplinary action has not been invalidated.[2] As such, the Court finds that Plaintiff's § 1983

---

[2]Plaintiff was ordered to specifically state if the complained of RVR has been invalidated by any of the means set forth in *Heck*. *See* Order [6]; Resp. [7] at 7.

claims for money damages and expungement of his disciplinary conviction are not cognizable at this time. *See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011)(finding dismissal under *Heck* and *Edwards* of inmate's § 1983 complaint seeking expungement of adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007)(holding inmate does not have protected liberty interest in filing grievances). As such, Plaintiff's claims related to how his grievance was handled by Defendants Platt and King are frivolous. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

As a final point, the Court finds that Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

**III.     Conclusion**

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983

case without prejudice.[3]  Plaintiff's § 1983 claims are dismissed as legally frivolous and for

failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).  The dismissal of

Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met.   *See Johnson v.*

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with

prejudice . . . until the *Heck* conditions are met").

Since Plaintiff's § 1983 claims are dismissed pursuant to the above-mentioned provisions

of the Prison Litigation Reform Act, this dismissal will be counted as a "strike."[4]  If Plaintiff

receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full

filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 18th day of July, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[4]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."